UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HALEY BARTLETT,

    Plaintiff,

vs.

CASE NO.: 3:25-cv-01500-TJC-SJH

DUVAL COUNTY PUBLIC
SCHOOLS,

    Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Duval County Public Schools ("DCPS"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectfully moves to dismiss Plaintiff's Complaint, and states:

**INTRODUCTION – STATEMENT OF THE CASE**

Plaintiff, Haley Bartlett ("Bartlett"), brings this lawsuit under 42 U.S.C. § 1983 and § 1003.4505, Florida Statutes, claiming that DCPS violated her First Amendment rights. *See, generally*, Compl. Bartlett, a paraprofessional and DCPS employee, alleges that DCPS opened a misconduct investigation after receiving an anonymous complaint about her and internally reassigned her pending the outcome of the investigation. Compl. ¶¶ 19, 33. She seeks damages, declaratory, and injunctive relief based on the theory that DCPS's investigation and temporary

reassignment were retaliation and viewpoint discrimination tied to her political speech. Compl. ¶¶ 6, 157, 160-65, 172, 186, 201, 215.

As a threshold matter, this Court lacks jurisdiction. The Complaint challenges a temporary reassignment during an investigation. It identifies no final disciplinary action against her. The Complaint does not identify any DCPS policy or custom, nor does it allege any final policymaker decision that created a constitutional violation. The Complaint should be dismissed for lack of Article III jurisdiction, failure to plead municipal liability, and failure to state any claim.

Further, Bartlett has been reinstated without discipline. Any request for prospective relief is therefore moot. Bartlett was returned to the classroom without discipline upon the conclusion of the investigation on December 15, 2025.

## MEMORANDUM OF LAW

### I.  LEGAL STANDARDS.

#### A.  Rule 12(b)(1): Facial Challenges to Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction, possessing only the authority conferred by Article III of the U.S. Constitution and statutes enacted by Congress. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject-matter jurisdiction and may be raised as a facial attack on the sufficiency of the jurisdictional allegations in the complaint. *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th

Cir. 2007).

When addressing a facial jurisdictional challenge, the Court accepts the complaint's well-pleaded jurisdictional allegations as true and determines whether those allegations are sufficient to invoke federal jurisdiction, applying a standard similar to that governing Rule 12(b)(6). *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam). The plaintiff bears the burden of establishing subject-matter jurisdiction, including Article III standing and its elements of injury in fact, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Because subject-matter jurisdiction is a threshold inquiry, it must be resolved before the Court may consider the sufficiency of the pleadings or any merits-based issues. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

B.   **Rule 12(b)(6): Pleading Sufficiency and the Plausibility Standard**

Federal Rule of Civil Procedure 12(b)(6) compels dismissal of a complaint that fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires a complaint to contain a short and plain statement showing that the pleader is entitled to relief. To satisfy this requirement, a complaint must allege sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is plausible when the alleged facts allow the Court to draw a

reasonable inference that the defendant violated the law, but conclusory allegations that amount to no more than a possibility of unlawful conduct are not enough. *Iqbal*, 556 U.S. at 678. In evaluating a motion to dismiss under Rule 12(b)(6), the Court accepts well-pleaded factual allegations as true, draws reasonable inferences in the plaintiff's favor, and considers the complaint, its attached exhibits, and documents incorporated by reference. The Court does not, however, accept legal conclusions, conclusory assertions, or threadbare recitals of the elements of a cause of action. *Id.*; *Twombly*, 550 U.S. at 555.

### C. Section 1983: Personal Participation, Causation, and Limits on Liability

Section 1983 provides a cause of action against any person who, acting under color of state law, deprives another of a right secured by the Constitution or federal law. *Monroe v. Pape*, 365 U.S. 167, 171 (1961). To state a claim under § 1983, a plaintiff must plausibly allege both the violation of a federal right and a causal connection between that violation and the conduct of a particular defendant.

Liability under § 1983 is personal and individual. A defendant may be held liable only for his or her own acts or omissions that are causally connected to the alleged constitutional deprivation. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

## II. PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF ARE NON-JUSTICIABLE AND, IN ANY EVENT, MOOT.

The Complaint alleges only a past, temporary reassignment during an investigation and no ongoing or imminent injury. After reinstatement without discipline, prospective claims are moot. Bartlett's claims for injunctive and declaratory relief, therefore, must be dismissed for lack of subject-matter jurisdiction. Bartlett fails to establish Article III standing because she alleges no concrete and imminent injury that is fairly traceable to DCPS and likely to be redressed by the requested relief. The claims are also unripe because the challenged disciplinary actions did not take place and were, otherwise, contingent upon an ongoing investigation that had not (prior to the filing of the Complaint) resulted in any discipline.

### A. Plaintiff Lacks Article III Standing to Seek Prospective Relief.

Prospective relief requires a concrete and particularized injury that is actual or imminent, fairly traceable to the defendant's conduct, and likely to be redressed by a favorable judicial decision. *Lujan*, 504 U.S. 555, 560–61. At the pleading stage, general factual allegations of injury may suffice. *Id.* at 561. Allegations of speculative or contingent future harm do not satisfy this standard; the threatened injury must be "certainly impending" and not dependent on a chain of hypothetical events. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409–10 (2013); *see also Murthy v. Missouri*, 603 U.S. 43, 73 (2024) (". . . plaintiffs have not shown that

they are likely to face a risk of future censorship traceable to the *defendants*.") (emphasis in original). Standing must be established with respect to each form of relief requested and as to each defendant against whom that relief is sought. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105–06 (1983).

Here, the Complaint does not allege any ongoing or imminent harm justifying prospective relief. The Complaint identifies an internal reassignment pending investigation, not a final adverse action or continuing unlawful policy. Comp. ¶¶ 19, 33. It does not identify specific speech that triggered discipline. Compl. ¶ 35 ("Ms. Bartlett has been told nothing about her Complaint, her complainant or the status of any investigation."). And it alleges uncertainty about "vague standards of investigation and discipline." Compl. ¶ 121. Internal reassignment and investigation and only a "highly attenuated chain of possibilities" do not create an injury-in-fact for prospective relief. *Clapper*, 568 U.S. at 410; *O'Shea v. Littleton*, 414 U.S. 488, 496–97 (1974).

### B. Mootness After Reinstatement Without Discipline

Even if standing existed when filed, subsequent reinstatement without discipline moots prospective claims because there is no ongoing injury for injunctive or declaratory relief to remedy. Bartlett was returned to the classroom without discipline on December 15, 2025. Any suggestion of ongoing reputational or practical harm from an investigation is insufficient to sustain live prospective

claims where no continuing restraint exists and no final discipline was imposed. Here, the Complaint alleges none. Rather, it alleges only an investigation and reassignment, but no final discipline or ongoing sanction against Bartlett.

### C. Plaintiff's Claims Are Unripe Because Any Potential Disciplinary Proceedings Are Non-Final and Contingent.

Plaintiff's claims for prospective relief are independently barred by the ripeness doctrine. Federal courts lack jurisdiction over disputes that depend on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Thomas v. Union Carbide Agric. Prods.*, 473 U.S. 568, 580–81 (1985). Challenges to non-final administrative actions are unripe where further proceedings may narrow, alter, or eliminate the alleged injury. *Digit. Props., Inc. v. City of Plantation*, 121 F.3d 586, 590 (11th Cir. 1997) (per curiam).

Here, the Complaint merely alleges the existence of an investigation. It does not allege that any findings have been made regarding Bartlett's conduct, that any administrative hearing or adjudicatory determination has occurred, or that any disciplinary action has been taken. Because any alleged injury necessarily hinges on future contingent events, Bartlett's claims are not ripe for judicial review under the fitness-and-hardship framework. *Abbott Labs. v. Gardner*, 387 U.S. 136, 148–49 (1967).

### D. Federal Court Restraint and Comity Preclude Intervention in Ongoing State Proceedings.

Apart from Barlett's lack of standing and unripe claims, the principles of federalism and comity counsel strongly against federal court intervention in ongoing state or local administrative processes. Federal courts avoid enjoining pending state criminal prosecutions absent extraordinary circumstances such as bad faith or harassment. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971) (articulating comity-based restraint against federal injunctions interfering with pending state proceedings, particularly where adequate state processes exist).

Likewise, federal courts refrain from exercising intrusive equitable oversight over state criminal proceedings where plaintiffs cannot show irreparable injury that is both immediate and substantial, or the inadequacy of available legal remedies. *O'Shea v. Littleton*, 414 U.S. 488, 499–502 (1974). Professional-discipline proceedings, in particular, involve important state interests, and the existence of state adjudicatory and appellate mechanisms further supports judicial restraint. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

Granting the relief Bartlett seeks would require this Court to intervene in and potentially supervise an ongoing local disciplinary process—precisely the type of federal intrusion that principles of comity and equitable restraint forbid at this stage. Because Plaintiff's claims for injunctive and declaratory relief are non-justiciable, they must be dismissed under Rule 12(b)(1) without prejudice.

## III.   ALL *MONELL* LIABILITY § 1983 CLAIMS FAIL AS A MATTER OF LAW.

Local governments or local government entities like DCPS can only be held liable under 42 U.S.C. § 1983 if the act inflicting injury was part of a sanctioned policy or custom. *Hackett v. Fulton Cnty. Sch. Dist.*, 238 F. Supp. 2d 1330, 1361 (N.D. Ga. 2002) (finding a school district not liable under 42 U.S.C. § 1983 because plaintiff failed to establish a school district custom or policy of failing to act to prevent sexual abuse of students by teachers); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[T]he action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.").

To plead a case for municipal liability, Bartlett must specifically identify an official DCPS policy, identify an unofficial custom or widespread practice that was "so permanent and well settled" that it carried the force of law, or identify a DCPS official with final policymaking authority whose decision violated Plaintiff's constitutional rights. *Chabad Chayil, Inc. v. Sch. Bd. of Mia.-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022). But the Complaint does none of these things. Bartlett merely compares her internal reassignment to that of unnamed DCPS teacher who was also internally reassigned without discipline after sharing right-wing posts on social media. Compl. ¶¶ 116-139. Bartlett argues that because a DCPS teacher did not receive disciplinary action beyond reassignment for her right-wing speech,

neither should Bartlett for her left-wing speech.

A mere counterexample, without more, cannot establish that an unofficial custom or a widespread practice is so longstanding and firmly entrenched that it has the same authority as law. *See Vila v. Miami-Dade Cnty.*, 65 F. Supp. 3d 1371, 1378 (S.D. Fla. 2014) ("The Second Amended Complaint . . . fails to identify a single other incident, much less the numerous incidents required to show a widespread pattern."). To rely on a single incident of unconstitutional activity, "the plaintiff must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued[,]" but Plaintiff's complaint is directed solely at DCPS, not at any DCPS employee who made a final decision to reassign her pending a misconduct investigation. *Perez v. Sch. Bd. of Miami-Dade Cnty.*, Fla., 917 F. Supp. 2d 1261, 1265 (S.D. Fla. 2013) (quoting *Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir.2009)). Indeed, Plaintiff cannot direct her claims against any one DCPS employee because the decision to reassign her was automatically triggered by established school board policies and procedures, not on a whim by a person with authority to make policy decisions on behalf of DCPS.

Bartlett's narrative complaint also alludes to the case of Hope McMath. Compl. ¶¶ 98-111. Bartlett suggests that McMath also shared Plaintiff's left-wing speech, but Plaintiff does not (and cannot) allege any disciplinary action taken by

DCPS against Hope McMath on account of her speech.

Bartlett further relies on the case of Thomas Caggiano, a teacher who faced actual discipline, including a written reprimand and a five-day unpaid suspension, for social media posts deemed racist and hateful. Compl. ¶¶ 141-156. Following the suspension and reprimand, Caggiano successfully appealed the disciplinary action to the Fifth District Court of Appeal, which overturned the discipline based on the unique facts of that case. Compl. ¶ 154; *see also Caggiano v. Duval Cnty. Sch. Bd.*, 403 So. 3d 1081, 1082 (Fla. 5th DCA 2025).

At most, the examples cited by Bartlett demonstrate that DCPS initiates investigations into allegations of employee misconduct irrespective of the partisan nature of the speech involved. Compl. ¶ 116; *see also Caggiano v. Duval Cnty. Sch. Bd.*, 403 So. 3d 1081, 1082 (Fla. 5th DCA 2025). Far from establishing a policy or custom of censuring left-wing speech or taking actions with deliberate indifference, Bartlett allegations only show that DCPS takes learning and child safety seriously by investigating employees accused of misconduct.

Additionally, Bartlett must show that DCPS is deliberately indifferent to the risk that the injury-inflicting act would take place or "show that the municipal action was taken with the requisite degree of culpability[.]" *Davis v. DeKalb Cnty. Sch. Dist.*, 233 F.3d 1367, 1375 (11th Cir. 2000). But Bartlett does not (and cannot) allege that DCPS exercised deliberate indifference in her Complaint. DCPS has

11

initiated only a misconduct investigation and internally reassigned Bartlett while an investigation is pending. There is no disciplinary action to be appealed.

## IV.   THE COMPLAINT IS AN IMPERMISSIBLE SHOTGUN PLEADING.

The Complaint fails to present a valid claim for relief and should be dismissed under Rule 12(b)(6). Instead of providing clear, specific facts for each required element, it offers vague narratives and speculation, which violates Federal Rule of Civil Procedure 8. Moreover, while the Complaint details violent speech from other DCPS employees, it does not specify what speech led to alleged retaliation against Bartlett. The absence of a final investigation and disciplinary action also precludes Bartlett from establishing that DCPS was personally involved or responsible for any constitutional violation.

### A.   The Complaint Violates Rule 8 and the Plausibility Standards of *Twombly* and *Iqbal*.

Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy that requirement, a complaint must allege sufficient factual matter to permit a reasonable inference of liability; labels, conclusions, and speculative inferences are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The Complaint falls short in

multiple, independently dispositive respects.

### 1. Narrative Sprawl in Lieu of Allegations

Instead of alleging element-specific facts within each claim, Bartlett relies on an expansive narrative that requires the Court to piece together a theory of liability from background allegations and attached materials. The claims then incorporate that narrative wholesale without distilling concrete factual allegations tied to specific elements.

This pleading style violates Rule 8 by compelling the Court to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005) (quoting *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n.9 (11th Cir. 2002) (citations omitted)).

### 2. Speculative Causation

The Complaint speculates that Bartlett will be injured in a future, unresolved disciplinary process. Since DCPS itself has not yet made a final decision and considering that the disciplinary process is handled outside of DCPS, granting relief would not substantially improve the chance for remedy, the link between actions is too weak to establish standing. See *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1301 (11th Cir. 2019) (en banc). Claims that only suggest liability is possible, but not likely, do not meet the standards of Rule 12(b)(6). *Twombly*, 550

U.S. at 557.

### 3. Conclusory Assertions of Motive and Intent

When intent or motive is required, the Complaint states it only in vague terms—claiming retaliation or discrimination without supporting details like statements or deviations from procedure. This Court may properly dismiss such claims. *Iqbal*, 556 U.S. at 686.

## V. EVEN IF PLAINTIFF COULD OVERCOME ALL THRESHOLD DEFECTS, THE COMPLAINT FAILS TO STATE A VIABLE FIRST OR FOURTEENTH AMENDMENT CLAIM.

This section is offered as an alternative, should the Court find subject-matter jurisdiction and that the Complaint meets Rules 8 and 12(b). Even so, the claims lack merit. Non-final discipline under a neutral investigative process does not breach the First or Fourteenth Amendments. Dismissal with prejudice under Rule 12(b)(6) is warranted because there is no final deprivation and no plausible claim of retaliation, viewpoint discrimination, arbitrariness, or unconstitutional vagueness.

### A. The Complaint Fails to State a First Amendment Claim (Counts I–III).

To bring a First Amendment retaliation claim, Bartlett needs to show three things: that she engaged in protected speech, that there was retaliatory action which would discourage a typical person from exercising their First Amendment rights, and that there is a link between the retaliation and the negative effect on

14

their speech. *Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005). For cases involving government employees, this assessment also considers the government's legitimate role as an employer and distinguishes between comments made as a private citizen and those made as part of official duties. *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006).

The challenged conduct here—placing Bartlett on internal reassignment—is not retaliatory conduct targeting speech. It is the neutral initiation of a non-final disciplinary process. Initial regulatory measures of this kind do not, as a matter of law, infringe upon protected speech within the context of a school-sponsored clinical practicum, provided they are reasonably connected to pedagogical objectives and ethical compliance requirements. *Keeton v. Anderson-Wiley*, 664 F.3d 865, 879–80 (11th Cir. 2011) (affirming denial of a preliminary injunction challenging an ethics-based remediation plan in a school-sponsored practicum), *Townsend v. Vallas*, 256 F.3d 661, 675 (7th Cir. 2001) ("[T]emporary reassignment in the wake of a serious safety incident is a foreseeable aspect of the duties of being a teacher.").

The Complaint does not sufficiently allege an unconstitutional motive. The claims of retaliation and viewpoint discrimination are based on general labels and the sequence of events, rather than detailed factual allegations demonstrating that DCPS took adverse action in response to Plaintiff's protected expression. Such

allegations are insufficient under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In public employment, courts weigh an employee's right to speak on public issues against the government's interest in efficient service. *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968). The Complaint alleges no facts showing that the statutory standards were applied in a viewpoint-based manner or that the initiation of proceedings itself constituted unconstitutional retaliation. Therefore, Counts I, II, and III each fail as a matter of law.

### B. The Complaint Fails to State a Fourteenth Amendment Claim (Counts IV–V).

Bartlett's Fourteenth Amendment claims do not succeed on multiple independent grounds. First, regarding substantive due process, the internal transfer of a teacher or paraprofessional does not normally implicate a constitutionally protected liberty interest. *Moore v. Otero*, 557 F.2d 435, 438 (5th Cir. 1977) ("The internal transfer of an employee, unless it constitutes such a change of status as to be regarded essentially as a loss of employment, does not provide the additional loss of a tangible interest necessary to give right to a liberty interest meriting protecting under the due process clause of the fourteenth amendment."); *Thomas v. Smith*, 897 F.2d 154, 155-56 (5th Cir. 1989) (A teacher's rights were not violated by a reassignment when teaching assignments within in the district were at the "total discretion" of the school district.") Furthermore, the conduct alleged does not meet the rigorous "shocks the conscience" threshold required for actions

16

by executive officials. *See County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

Secondly, regarding procedural due process, the claim is premature and precluded due to the existence of sufficient local remedies. The DCPS disciplinary process ensures appropriate notice, election of rights, an evidentiary hearing before an impartial adjudicator, and access to judicial review. When a governmental entity provides a process that meets constitutional requirements, there is no basis for a procedural due process claim in federal court. *McKinney*, 20 F.3d at 1564.

Third, the Complaint also does not establish a valid claim based on vagueness or equal protection. Under the vagueness doctrine, laws must give clear notice to an average person and set explicit guidelines to prevent arbitrary enforcement; statutory context helps clarify general wording. *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). The Complaint does not present any facts that indicate enforcement was selective due to a protected class or through a valid class-of-one argument, which cannot be applied in public employment cases where choices are usually personal and varied. *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 604 (2008). At a minimum, the statutory scheme satisfies rational-basis review. *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1306 (11th Cir. 2009).

Because the Complaint fails to state any plausible First or Fourteenth

Amendment claim—even if all threshold defects were disregarded—dismissal with prejudice is warranted under Rule 12(b)(6). *Silberman v. Mia.-Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019).

## CONCLUSION

Bartlett's claims for injunctive and declaratory relief should be dismissed pursuant to Rule 12(b)(1), since the Plaintiff lacks Article III standing, the claims remain unripe, and federalism and comity principles advise against federal court involvement in an investigation that has yet to result in any discipline. Dismissal under Rule 12(b)(6) is also proper because Bartlett has failed to allege with specificity any action by DCPS based on her speech, any *Monell* liability under 42 U.S.C. § 1983, and any deliberate indifference by DCPS in disciplining her.

For the foregoing reasons, DCPS respectfully requests that the Court enter an order dismissing the Complaint as set forth above and granting DCPS such other and further relief that the Court deems appropriate.

Dated: February 13, 2026  Respectfully submitted,

*/s/ Adam Brandon*
Jason B. Gonzalez (FBN: 146854)
Samuel J. Salario (FBN: 1058339)
Michael C. Kelley (FBN: 1058339)
Eric C. Reed (FBN: 1058339)
Adam B. Brandon (FBN: 1058339)
**LAWSON HUCK GONZALEZ, PLLC**
101 E. College Avenue, 5th Floor
Tallahassee, Florida 32301
jason@lawsonhuckgonzalez.com
samuel@lawsonhuckgonzalez.com
michael@lawsonhuckgonzalez.com
eric@lawsonhuckgonzalez.com
adam@lawsonhuckgonzalez.com
michelle@lawsonhuckgonzalez.com
*Counsel for Defendant,*
*Duval County Public Schools*

## LOCAL RULE 3.01(g) CERTIFICATE

I HEREBY CERTIFY that on February 6, 2026, and February 13, 2026, the undersigned counsel attempted to confer via phone in good faith with counsel for the Plaintiff on the requested relief. However, the undersigned counsel was informed that Plaintiff's counsel was traveling and could not respond.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2026, I electronically filed the foregoing by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

>                    */s/ Adam Brandon*
>                    Attorney